UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATE OF AMERICA,

-against-

DANIEL HERNANDEZ,

            Defendant.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**00-CR-1078-2 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Daniel Hernandez's motion for a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2). (Mot. to Reduce Sentence (Dkt. 375).) For the reasons discussed below, Defendant's motion is DENIED.

**I.**     **BACKGROUND**

On July 12, 2001, a jury convicted Defendant of: racketeering, in violation of 18 U.S.C. § 1962(c); racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); conspiracy to commit, and the commission of, Hobbs Act robberies, in violation of 18 U.S.C. § 1951; and conspiracy to distribute heroin, in violation of 18 U.S.C. §§ 846 and 841(b)(1)(A). (J. (Dkt. 234).) On May 10, 2002, then-District Judge Reena Raggi sentenced Defendant to life imprisonment on the racketeering, racketeering conspiracy, and heroin conspiracy charges, and 20 years on each of the robbery and robbery conspiracy charges, with all sentences to run concurrently for a total term of life imprisonment. (Id.) On appeal, the Second Circuit affirmed Defendant's conviction and sentence. United States v. Wagner, 103 F. App'x 422 (2d Cir. 2004) (summary order), vacated, 544 U.S. 958 (2008). Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the Second Circuit remanded Defendant's case for resentencing. (Mandate (Dkt. 276).) Judge Raggi imposed the same sentence on remand (see Am. J. (Dkt. 307)), Defendant appealed to the Second Circuit, and the Second Circuit affirmed the

1

district court's judgment. United States v. Wagner, 219 F. App'x 35 (2d Cir. 2007) (summary order).

The United States Department of Probation determined that Defendant was responsible for 272.082 kilograms of heroin, corresponding to a base offense level of 38. (PSR ¶ 126; see also Tr. (Dkt. 326) at 34 (noting that, "on a conservative estimate, the government proved more than 100 kilograms of heroin").) Defendant received a two-level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), for the possession of a firearm in connection with the heroin distribution. (PSR ¶ 127.) Further adjustments for Defendant's additional convictions brought his total offense level to 43. (Tr. at 20.) According to the U.S. Sentencing Guidelines (the "Guidelines"), the recommended sentence for a total offense level of 43 was, and remains, life imprisonment. (Id. at 25.) See also U.S.S.G. § 5A (Sentencing Table).

## II. LEGAL STANDARD

Defendant filed the instant motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2), which provides that a term of imprisonment may be modified "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 826 (2010); United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). "First, the district court must determine whether the defendant in question is 'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a

defendant is eligible for resentencing, the court must then consider any applicable § 3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the particular circumstances of the defendant's case. Dillon, 560 U.S. at 827.

Amendment 782 modified the base offense levels in the Drug Quantity Table at section 2D1.1 of the Guidelines, and thereby lowered the sentencing range for certain drug-related offenses. See U.S.S.G. App. C (Supp.) at 64, 71, 74 (2014). Amendment 788 to the Guidelines provides that Amendment 782 applies retroactively to defendants sentenced before its effective date. See id. at 86-88 (amending U.S.S.G. § 1B1.10(d) (listing sentencing amendments eligible for retroactive application)). However, unlike other amendments—and although Amendment 782 is "effective" November 1, 2014—"[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1). While subsection (e)(1) thus postpones the effective date of any reduced sentence, it does not preclude the court from conducting resentencing proceedings or entering orders pursuant to § 3582(c)(2) before November 1, 2015, so long as the effective date of the order is November 1, 2015, or later. See id. § 1B1.10 cmt. 6; see also, e.g., United States v. Vargas, --- F. Supp. 3d ---, No. 05-CR-1327 (VM), 2015 WL 708540, at *1 (S.D.N.Y. Feb. 10, 2015) (discussing effective dates and granting defendant's motion for a reduction in sentence, "effective on November 1, 2015").

If a defendant is eligible for a reduction in sentence, the court proceeds to the second step of the Dillon analysis to determine whether a reduction in sentence is warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). See Dillon, 560 U.S. at 827. Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed to "protect

3

the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). Where a reduction is authorized, the Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). But see id. § 1B1.10(b)(2)(B) (setting forth exception for a defendant sentenced pursuant to a government motion reflecting defendant's substantial assistance to authorities). Ultimately, the Guidelines establish that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Id. § 1B1.10(b)(2)(C).

### III. APPLICATION

Defendant is not eligible for a reduction in sentence, and his motion therefore fails at the first step of the Dillon analysis. While Amendment 782 modified the Guidelines' Drug Quantity Table and corresponding base offense levels, Defendant was found responsible for a quantity of drugs that still exceeds the amount required for a base offense of 38. See U.S.S.G. § 2D.1.1(c) (showing that 90 kilograms or more of heroin corresponds to a base offense level of 38). Therefore, maintaining all the same adjustments, Defendant's base offense level remains 38, his total offense level remains 43 (the maximum under the Guidelines), and his recommended sentence remains life imprisonment. See U.S.S.G. § 5A (Sentencing Table).

A defendant's sentence may only be reduced when he or she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Given the quantity of drugs for which Defendant was found responsible, his recommended Guideline sentence has not been lowered, and he is therefore ineligible for resentencing.

4

## IV. CONCLUSION

For the reasons set forth above, Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Accordingly, the court need not consider whether a reduction is warranted. See Dillon, 560 U.S. at 826. Defendant's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
October 23, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge