UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────
UNITED STATES OF AMERICA,

        -against-

DANIEL HERNANDEZ,

               Defendant.
────────────────────────────────

**MEMORANDUM & ORDER**
00-CR-1078 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Daniel Hernandez moves, pro se, for an order granting a sentence reduction or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that his underlying medical conditions constitute an "extraordinary and compelling" circumstance in light of the ongoing COVID-19 pandemic, thus meriting his early release from prison. (*See* Mot. for Compassionate Release ("Mot.") (Dkt. 394).) The Government opposes the motion, arguing that Mr. Hernandez has failed to establish that his circumstances are "extraordinary and compelling," that he remains a danger to the community, and that the sentencing factors set forth under 18 U.S.C. § 3553(a) support his continued detention. (See Gov't Opp. to Mot. ("Opp.") (Dkt. 396).) For the following reasons, Mr. Hernandez's motion is DENIED.

    **I.    BACKGROUND**

Mr. Hernandez, who is currently incarcerated at the United States Penitentiary, Canaan ("USP Canaan") has served approximately 22 years of a life sentence imposed in 2006. (Opp. at 1-2, 7-8.) On July 12, 2001, a jury in this court convicted Mr. Hernandez of racketeering, racketeering conspiracy, conspiracy to commit Hobbs Act robberies, commission of Hobbs Act robberies, and conspiracy to distribute heroin. (*Id*. at 1.) The charges arose from Mr. Hernandez's role in the "Woodbine Crew," a heroin distribution operation in Brooklyn, New York. (*Id*.) Evidence

presented at trial indicated that members of the Woodbine Crew, including Mr. Hernandez, committed violent robberies in furtherance of their heroin distribution scheme. (*Id*. at 1-2.) On May 10, 2002, Judge Reena Raggi, who had presided over Mr. Hernandez's trial, sentenced Mr. Hernandez to life imprisonment. (*Id*. at 2.) The Second Circuit subsequently affirmed Mr. Hernandez's conviction but remanded his case for consideration of the factors set out in 18 U.S.C. § 3553(a), in light of *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005) and *United States v. Booker*, 125 S. Ct. 738 (2005). On remand, Judge Raggi again imposed a sentence of lifetime imprisonment. (*Id*.)

Mr. Hernandez is now 52 years old. (Mot. at 22.) He asserts that he has three health conditions that, along with his age, are known to increase his risk of serious illness or death if he contracts COVID-19: diabetes, hypertension, and obesity. (*Id*. at 18.)

## II. LEGAL STANDARD

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

In relevant part, a court may reduce a defendant's sentence under § 3582(c)(1)(A) only if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* The court therefore must consider "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id.* District courts are "free[]

2

. . . to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that 'rehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id.* at 237-38 (quoting 28 U.S.C. § 994(t) (emphasis added in *Brooker*)).

Although district courts are not bound by the Sentencing Commission's determination of what constitutes an "extraordinary and compelling" circumstance, its policy statement does provide relevant guidance. *See* § 3582(c)(1)(A). The Sentencing Commission has determined that a defendant's circumstances are "extraordinary and compelling" when, *inter alia*, the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13(1)(A) & Application Note 1(A).

Even if there are extraordinary and compelling reasons to grant a defendant's motion, the court may reduce a sentence under § 3582(c)(1)(A) only if such relief is consistent with the sentencing factors listed in § 3553(a). *See* § 3582(c)(1)(A). Those factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant; [as well as] the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense[,] to afford adequate deterrence to criminal conduct[,] to protect the public from further crimes of the defendant[,] and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a).

### III. DISCUSSION

The Government does not dispute that Mr. Hernandez suffers from the medical conditions identified in his motion, or that individuals with those conditions may be vulnerable to serious consequences of COVID-19. (*See* Opp. at 8.) However, it contends that his medical conditions do not constitute "extraordinary and compelling circumstances" because Mr. Hernandez receives appropriate medical care and treatment from the BOP, because he is only 52 years old, and because USP Canaan has adequately protected its residents from the coronavirus. (*Id*. at 8-11.) It also argues that Mr. Hernandez poses a danger to the community and that his release would not be consistent with the sentencing factors set forth in § 3553(a).

The Government's argument that Mr. Hernandez's circumstances are not extraordinary and compelling relies on two central premises: (1) Mr. Hernandez is unlikely to contract COVID-19 at USP Canaan, given its track record of protecting him and other residents from the virus; and (2) if Mr. Hernandez did contract COVID-19, he would not be particularly likely to suffer serious consequences, notwithstanding his acknowledged co-morbidities, because he receives good medical care and is not elderly. While the court finds that the first of these premises, in particular, is undermined by the sad lessons of the last eighteen months,[1] it declines to decide whether Mr. Hernandez's circumstances are

---

[1] Despite the BOP's best efforts to protect its residents from infection, it is indisputable that residents of prisons face markedly higher risk of exposure to COVID-19 than the general population. *See, e.g.*, Eddie Burkhalter, et al., New York Times, "Incarcerated and Infected: How the Virus Tore Through the U.S. Prison System," Apr. 10, 2021, https://www.nytimes.com/interactive/2021/04/10/us/covid-prison-outbreak.html (last visited July 28, 2021).

4

sufficiently extraordinary and compelling to warrant relief under § 3582(c)(1)(A).[2]

Even assuming, without deciding, that Mr. Hernandez's situation may meet the "extraordinary and compelling" standard, it would be inconsistent with the relevant factors outlined in 18 U.S.C. § 3553(a) to reduce Mr. Hernandez's sentence or to order his release. In particular, the seriousness of Mr. Hernandez's offenses and related conduct, which included acts of violence and the use of firearms as an intimidation tactic, leads the court to conclude that a reduction of his sentence is not warranted at this time. In resentencing Mr. Hernandez, Judge Raggi, who had presided over his trial, described a pattern of "really terrible violence . . . people maimed, people threatened with murder, people threatened with all kinds of violence" as the basis for her conclusion that "anything less than a life sentence would not adequately protect the public." (Tr. of Jan. 30, 2006 Resentencing (Dkt. 396-1) at 22.) The court defers to Judge Raggi's informed and well supported assessment of the seriousness of Mr. Hernandez's crimes.

The court's conclusion is bolstered by Mr. Hernandez's behavior during his period of incarceration. While Mr. Hernandez emphasizes that he has not been disciplined for rule violations in the last eight years, his disciplinary record over the first fourteen years of his incarceration raises serious concerns about the appropriateness of release. (Mot. at 27.) In particular, his infractions include engaging in sexual acts, fighting with another

---

[2] The parties briefed the merits of Mr. Hernandez's application before vaccines for COVID-19 were widely available to residents of federal prisons, and the court has not been advised as to whether Mr. Hernandez has received a COVID-19 vaccine. Because it is not necessary to the disposition of this motion, the court declines to consider the effect of a petitioning defendant's vaccination status on the "extraordinary and compelling" nature of health conditions that heighten an individual's vulnerability to the negative consequences of COVID-19.

incarcerated individual, and assaulting another incarcerated individual with a weapon. (Opp. at 11, 13.) The court therefore finds that Mr. Hernandez's disciplinary record suggests that his release would not be consistent with certain § 3553(a) factors, including the need to protect the public from further crimes. Because the § 3553(a) factors do not weigh in favor of the requested relief, the court finds that a sentence reduction is not warranted at this time.

## IV. CONCLUSION

For the foregoing reasons, Mr. Hernandez's motion is DENIED.

SO ORDERED.

Dated:   Brooklyn, New York
        August 5, 2021

                                    /s/ Nicholas G. Garaufis
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge